UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIVINE FREDERICKS AND AMEER FREDERICKS,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD") SERGEANT MARK SINATRA SHIELD NO. 04720; NYPD OFFICER ERIC MOY SHIELD NO. 4042; NYPD OFFICER YAHNNY ARIAS SHIELD NO. 19785; UNDERCOVER OFFICER #C0300; UN-DERCOVER OFFICER #C0108; POLICE OFFICER BILAL AZAD SHIELD NO. 17313; LIEUTENANT MIGUEL LOPEZ; SERGEANT FRANCY MONESTIME, SHIELD NO. 770; JOHN AND JANE DOES 1-10,  INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES.<br><br>        Defendants. | Case No.: 18-cv-3888<br><br>**FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, by and through their undersigned attorney, allege as follows:

**NATURE OF THE ACTION**

1.  Plaintiffs brings this action for compensatory damages, punitive damages, and attor-

ney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of their civil

-1-

rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. The Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).

## JURY TRIAL DEMANDED

3. Plaintiffs demand trial by jury of all issues properly triable thereby

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

5. Plaintiffs Divine Fredericks and Ameer Fredericks are United States citizens and residents of the City and State of New York.

6. That at all times herein mentioned, Defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times herein mentioned, Defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

8. That at all times herein mentioned, defendant Officer Sergeant Mark Sinatra (hereinafter, "SINATRA") was and is an NYPD officer employed by defendant CITY.

9.  That at all times herein mentioned, Defendant SINATRA was acting within the course and scope of his employment with defendant CITY.

10.  That at all times herein mentioned, Defendant SINATRA was acting under color of state law.

11.  Defendant SINATRA is sued herein in both his individual and official capacities.

12.  That at all times herein mentioned, Defendant Officer Eric Moy (hereinafter, "MOY") was and is an NYPD officer employed by defendant CITY.

13.  That at all times herein mentioned, Defendant MOY was acting within the course and scope of his employment with Defendant CITY.

14.  That at all times herein mentioned, Defendant MOY was acting under color of state law.

15.  Defendant MOY is sued herein in both his individual and official capacities.

16.  That at all times herein mentioned, Defendant Officer Yanhnny Arias (hereinafter, "ARIAS") was and is an NYPD officer employed by defendant CITY.

17.  That at all times herein mentioned, Defendant ARIAS was acting within the course and scope of his employment with defendant CITY.

18.  That at all times herein mentioned, defendant ARIAS was acting under color of state law.

19.  Defendant ARIAS is sued herein in both his individual and official capacities.

20. That at all times herein mentioned, Defendant Officer undercover officer #C0300 (hereinafter, "C0300") was and is an NYPD officer employed by defendant CITY.

21.  That at all times herein mentioned, Defendant C0300 was acting within the course and scope of his/her employment with Defendant CITY.

22.  That at all times herein mentioned, Defendant#C0300 was acting under color of state law.

23.  Defendant #C0300 is sued herein in both his/her individual and official capacities.

24. That at all times herein mentioned, Defendant Officer undercover officer #C0108 (hereinafter, "C0108") was and is an NYPD officer employed by defendant CITY.

25.  That at all times herein mentioned, Defendant C0108 was acting within the course and scope of his/her employment with Defendant CITY.

26.  That at all times herein mentioned, Defendant C0108was acting under color of state law.

27.  Defendant C0108 is sued herein in both his/her individual and official capacities.

28. That at all times herein mentioned, defendant Officer Bilal Azad (hereinafter, "AZAD") was and is an NYPD officer employed by defendant CITY.

29.  That at all times herein mentioned, Defendant AZAD was acting within the course and scope of his employment with defendant CITY.

30.  That at all times herein mentioned, Defendant AZAD was acting under color of state law.

31.  Defendant AZAD is sued herein in both his individual and official capacities.

32. That at all times herein mentioned, defendant Officer Lieutenant Miguel Lopez (hereinafter, "LOPEZ") was and is an NYPD officer employed by defendant CITY.

33.  That at all times herein mentioned, Defendant LOPEZ was acting within the course and scope of his employment with defendant CITY.

34.  That at all times herein mentioned, Defendant LOPEZ was acting under color of state law.

35.  Defendant LOPEZ is sued herein in both his individual and official capacities.

36. That at all times herein mentioned, defendant Officer Sergeant Francy Monestime, Shield No. 770 (hereinafter, "MONESTIME") was and is an NYPD officer employed by defendant CITY.

37.  That at all times herein mentioned, Defendant MONESTIME was acting within the course and scope of his employment with defendant CITY.

38.  That at all times herein mentioned, Defendant MONESTIME was acting under color of state law.

39.  Defendant MONESTIME is sued herein in both his individual and official capacities.

40.  That at all times herein mentioned, currently unknown and unnamed officers (hereinafter, "DOES") was and are NYPD officers employed by defendant CITY.

41.  That at all times herein mentioned, defendant DOES were acting within the course and scope of their employment with defendant CITY.

42.  That at all times herein mentioned, Defendant DOES were acting under color of state law.

43.  Defendant DOES are sued herein in both their individual and official capacities.

44.  At all relevant times herein, the individual Defendants acted jointly and in concert with each other.

45.  Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual Defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing Plaintiffs' injuries.

**STATEMENT OF FACTS**

46.  There are two separate incidents that are the subject of this lawsuit against the NYPD.  One incident occurred on around December 29, 2015 and involved solely Plaintiff Divine Fredericks.  The other incident occurred on April 29, 2017 and involved both Plaintiffs Divine Fredericks and Ameer Fredericks.

**The December 29, 2015 Incident**

47. On or around December 29, 2015, Plaintiff Divine Fredericks, clocked into work at Burgundy's Cafe located at 153-35 Hillside Avenue, Jamaica, NY 11432  at approximately 4:44 P.M.

48.  Mr. Frederick's was employed at Burgundy's Cafe restaurant as a food delivery person.

49.  At approximately 5:30 P.M.  he left Burgundy Cafe and headed to Jamaica and 160th Street to make a food delivery.

50.  At approximately 5:50 he was stopped at the busy and bustling intersection of 160th street and Jamaica Ave. by Defendant Sinatra, who was a part of a team working an undercover buy and bust operation.

51.   Mr. Divine Fredericks arrest report description, did not match his buy report description.

52. Plaintiff Divine Fredericks was not engaged in any illegal or unlawful activities.

53. At the time that Defendant Sinatra stopped Plaintiff, there was no reasonable suspicion that Plaintiff Divine Fredericks had engaged in any criminal activity.

54. Nevertheless, Defendants immediately began to search Mr. Divine Fredericks and the results of that search was that nothing of an evidentiary nature was recovered from his person.

55. Defendants knew that there was no reasonable suspicion to stop Mr. Divine Fredericks and that it was lacking, but took no action, despite their affirmative obligation to intervene in violation of Mr Divine Frederick's rights by Defendant Sinatra.

56. Mr. Frederiks was then falsely arrested in the absence of arguable probable cause.

57. The other members of the "buy and bust" team including Defendants UC108 and UC300 were in a position to observe Mr. Divine Fredericks prior to and at the time of the arrest and knew that probable cause to arrest Mr. Divine Fredericks was lacking, but took no action, despite their affirmative obligation to intervene in violation of Mr. Divine Frederick's rights by Sinatra.

58. Defendant handcuffed Mr. Divine Fredericks and took him to a waiting police van.

59. The officers then took Mr. Divine Fredericks to the 103rd precinct

60. In support of the arrest and in a an effort to cause prosecutors to file false charges against Mr. Divine Fredericks, Defendants Moy prepared a variety of false paperwork and forwarded the documents to employees of the Queens County District Attorney's Office.

61.  Under the supervision of Sinatra, Defendant UC300 and prepared documents falsely claiming that Mr. Divine Fredericks was observed participating in a drug transaction prior to his arrest.

62.  Under the supervision of Defendant Sinatra, defendant Moy prepared a false arrest report.

63.  In support of the false charges levied against Mr. Divine Fredericks , Defendant Moy swore out a criminal complaint under penalty of perjury containing material allegations Moy knew to be false.

64.  At no point did the officers observe Plaintiff commit any crime or offense.

65.  Plaintiff was taken to Queens Central Booking, where he was arraigned on fabricated drug sale charges based on the foregoing documents prepared by the Defendants and forwarded to prosecutors, along with inculpatory allegations made to prosecutors regarding Mr. Divine Fredericks.

66.  Plaintiff Divine Fredericks was thereafter arraigned on a criminal court complaint under Queens County Docket Number 2015QN063416, which, based on the fabricated information that Defendants had provided to the District Attorney's Office, charged plaintiff with Criminal sale of marihunana in the fourth degree (P.L.221.40), and unlawful possession of marihuana (P.L. 221.05)  There was no probable cause that Plaintiff Divine Fredericks had committed any of these crimes or any other offense.

67.  All Defendants agreed, cooperated, participated, and conspired with their co-Defendants herein to assist in and effectuate Plaintiffs' unlawful arrest, excessive force, and malicious abuse of process for crimes Officers knew that they did not commit, and in so doing

deprived Plaintiff Divine Fredericks of his rights, privileges and immunities secured by the

Constitution of the United States, including, but not limited to, his rights under the Fourth

and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches

and seizures and to due process of law.

68.   Defendants made these false allegations against Plaintiff Divine Fredericks with actual malice, and out of spite and ill will, and with retributive purpose.

69.   Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to Plaintiff Divine Fredericks' constitutional and civil rights.

70.   As Plaintiff Divine Fredericks did not commit or aid/abet in the commission of any of the offenses with which he was charged, he pleaded not guilty to all counts, and was Released on his own Recognizance (herein "ROR'd")

71.   Plaintiff Divine Fredericks was required, over 14 times, to appear in court to defend against the false criminal charge that had been lodged against him.

72.   All Defendants acted in concert to lodge these false allegations against Plaintiff Divine Fredericks and initiate a prosecution against him for offenses they knew he did not co

73.   The prosecution of Divine Fredericks continued until June 29, 2017, when all charges against him were dismissed and sealed on People's motion.

74.   Mr. Divine Fredericks suffered damage as a result of the defendant's actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

### The April 29, 2017 Incident

75.   Plaintiffs Divine and Ameer Fredericks were standing outside the corner of Rosedale Ave and Randall Ave when they were approached by several currently unknown John and Jane Doe New York Police Department Officers, including arresting officer, Yahnny Arias, and Officers Azad, Lopez, and Monestime.

76.   Even though Mr. Divine Fredericks was doing nothing illegal, had no warrant for his arrest, and there was no probable cause for his arrest, Mr. Divine Fredericks was handcuffed by several Jane and Jane Doe members of the NYPD, including Officer Arias, Azad, Lopez, and Monestime.

77.   Although Mr. Divine Fredericks was not resisting, NYPD officers then started to hit Mr. Divine Fredericks,

78.   Plaintiff Ameer Fredericks was with his cousin, Plaintiff Divine Fredericks, and saw what was happening to his cousin, and was concerned for his cousin.

79.   Ameer Fredericks took out his cell phone and began to record the incident, of the officers beating Divine Fredericks.

80.   The Officers, upon information and belief, including Arias, Azad, Lopez, and Monestime,  upon realizing that Mr. Ameer Fredericks was video recording the illegal force being their were using on Mr. Divine Fredericks and in order to destroy the footage, came up to Mr. Ameer Fredericks, grabbed him and hit the phone with much force, out of his hand, causing it to fall and break.

81. The officers then proceeded to arrest Mr. Ameer Fredericks, for the sole reason that he was video recording their illegal conduct, and the officers wanted to destroy the video of said conduct, and prevent its dissemination.

82. Plaintiff Divine Fredericks was thereafter arraigned on a criminal court complaint under Bronx County Docket Number 2017BX017690, which, based on the fabricated information that Defendants had provided to the District Attorney's Office, charged Plaintiff with Resisting Arrest (P.L. 205.30), and Obstructing Governmental Administration (P.L. 195.05).

83. Plaintiff Ameer Fredericks was thereafter arraigned on a criminal court complaint under Bronx County Docket Number 2017BX017691, which, based on the fabricated information that Defendants had provided to the District Attorney's Office, charged plaintiff with Menacing in the 3rd Degree (P.L. 120.15), and Harassment in the 2nd Degree.

84. There was no probable cause that Plaintiffs had committed any of these crimes or any other offense.

85. All Defendants agreed, cooperated, participated, and conspired with their co-Defendants herein to assist in and effectuate Plaintiffs' unlawful arrest, excessive force, and malicious abuse of process for crimes Officers knew that they did not commit, and in so doing deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, their rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

86. Defendants made these false allegations against Plaintiffs with actual malice, and out of spite and ill will, and with retributive purpose.

87. Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to Plaintiffs' constitutional and civil rights.

88.  As Plaintiffs did not commit or aid/abet in the commission of any of the offenses with which they was charged, charges against both Plaintiffs were Adjourned in Contemplation of Dismissal with immediate sealing on April 30, 2017.

89.  All Defendants acted in concert to lodge these false allegations against Plaintiffs and initiate a prosecution against them for offenses they knew they did not commit.

90. Upon information and belief, Defendants arrested and imprisoned Plaintiffs despite knowing that there was no legal justification for doing so in order to justify their own actions, and cover up their use of force against Plaintiffs, and to put pressure on plaintiff to plead guilty.

91.  Mr. Divine Fredericks suffered damage as a result of the defendant's actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

92.  Mr. Ameer Fredericks suffered damage as a result of the defendant's actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

93.  As a result of the foregoing, Plaintiffs sustained, *inter alia*, deprivation of their constitutional rights, loss of enjoyment of life, loss of liberty, loss of basic, fundamental human contact, loss of natural contact with significant others, loss of natural contact with their families, loss of the natural family role they played within their family as, son, and brother; physical injuries; personal injuries; emotional injuries, loss of income, loss of employment seniority; loss of employment and business experience; loss of benefits; loss of retirement pensions and savings; loss of economic opportunity; pain and suffering; severe mental an-

guish, emotional distress, fear and lack of privacy, all necessitating psychiatric or therapeutic

counseling; inadequate medical care; humiliation, indignities and embarrassment; degrada-

tion; injury to reputation; permanent loss of natural psychological development; restrictions

on or total deprivations of all personal freedoms; liberties and entitlements, including but not

limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, ath-

letic opportunity, hobbies, religious fulfillment, personal fulfillment, sexual activity, family

relations, marital relations, reading, movies, travel, driving, enjoyment, and expression. Fur-

thermore, as a direct result of their arrest and the excessive force used against them, many of

the effects of these disabilities and impairments continue to plague Plaintiffs to this day, and

will continue to plague Plaintiffs for the rest of their lives.


## FIRST CLAIM FOR RELIEF
### FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION

94.  The Plaintiff Divine Fredericks incorporates, for both the December 29, 2015, and

April 29, 2017 arrest, and Mr. Ameer Fredericks for the April 29, 2017 arrest  by reference

the allegations set forth in all previous Paragraphs as if fully set forth herein.

95.  Plaintiffs were subjected to an illegal, improper and false arrest by Defendants, and

taken into custody and caused to be falsely imprisoned, detained, and confined, without any

probable cause, privilege or consent. Plaintiff Ameer Fredericks was arrested for exercising

his right to record police activity in public places and to criticize police officers. Defendants

arrested Plaintiff Ameer Fredericks and damaged his smartphone to cover up their own mis-conduct and to prevent dissemination of the video.

96. Defendant's actions deprived Plaintiff of his well-established rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

97. Defendant's actions were taken in reckless disregard for Plaintiff's constitutional rights.

98. As a direct and proximate result of the foregoing, Plaintiffs were placed in substantial and prolonged fear for their safety, their liberty was restricted for an extended period of time, they were subjected to handcuffs and other physical restraints, without probable cause or other lawful justification, in violation of the First, Fourth and Fourteenth Amendments of the Constitution of the United States and suffered and will continue to suffer injury and damages as a result, including, inter alia, physical and mental pain and suffering, and mental anguish.

**SECOND CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION**

99. The Plaintiff Mr. Divine Fredericks, for the December 29, 2015 arrest, incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

100. Defendants misrepresented and falsified evidence before the District Attorney for charges against Plaintiff Divine Fredericks for the December 29, 2015 arrest.

101. Defendants did not make a complete and full statement of facts to the District Attorney, and withheld exculpatory evidence from the District Attorney.

102.  Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

103.  Defendants lacked probable cause to continue criminal proceedings against Plaintiff Divine Fredericks for over 18 months.

104.  Defendants acted with malice in continuing criminal proceedings against against Plaintiffs.

105.  Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

106.  Notwithstanding the perjurious and fraudulent conduct of the Defendants, the criminal proceedings against Plaintiff were terminated in Plaintiffs' favor on June 29, 2017.

**THIRD CLAIM FOR RELIEF**
**EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND**
**THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION**

107.  The Plaintiff Divine Fredericks and Ameer Fredericks for the April 29, 2017 arrest incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

108.  The level of force employed by Defendants against Plaintiffs Divine and Ameer Fredericks was objectively unreasonable and violated Plaintiff's constitutional rights. As a result of the aforementioned conduct of the Defendants, Plaintiffs Divine and Ameer Fredericks were subjected to excessive force and sustained physical and emotional injuries.

**FOURTH CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS IN VIOLATION OF 42 U.S.C. § 1983**

109. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

110. Defendants issued legal process to place Plaintiffs under arrest.

111. Defendants arrested Plaintiffs Divine Fredericks and Ameer Fredericks in order to achieve a collateral objective beyond the legitimate ends of the legal process.

112. Defendants acted with intent to do harm to Plaintiffs without excuse or justification.

113. As a direct and proximate result of the misconduct and abuse of authority described above, Plaintiffs have suffered and will continue to suffer injury and damages, including, inter alia, physical and mental pain and suffering, and mental anguish.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C.§ 1983

114. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

115. Each and every individual defendant had an affirmative duty to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights.

116. The individual Defendants failed to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights incurred by the use of excessive force against them, their false arrest, and unlawful and excessive detention, despite having had a realistic opportunity to do so.

117. As a result of the aforementioned conduct of the individual Defendants, Plaintiffs' constitutional rights were violated.

### SIXTH CLAIM FOR RELIEF

-16-

**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL IN VIOLATION OF 42 U.S.C. § 1983 UNDER THE DUE PROCESS CLAUSE OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**

118.   The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

119.   By the actions described above, Defendants created and forwarded false evidence to prosecutors in Queens County against Plaintiff Divine Fredericks. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

120.   In creating false evidence against Plaintiff, and in forwarding the false information to prosecutors, the individual defendants violated Plaintiff's rights to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

**SEVENTH CLAIM FOR RELIEF**
**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983**

121.   The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

122.   By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of the THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, Defendants, acting under the color of state law

and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation of Plaintiffs' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

123.  As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**EIGHTH CLAIM FOR RELIEF**
**BIAS-BASED PROFILING IN VIOLATION OF SECTION 14-151(C)(I) AND (II) OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK**

112.   The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

113.   In Initiating law enforcement action against Plaintiffs Divine and Ameer Fredericks, based on their actual and /or perceived race and/or color rather than their behavior or other information linking them to suspected unlawful activity, the Defendant Officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of of the City of New York.

114.  Accordingly Plaintiffs are entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demands the following relief jointly and severally against all the Defendants:

a.   Compensatory damages in an amount to be determined at trial;

b.  Punitive damages in an amount to be determined at trial;

c.  Attorney's fees pursuant to 42 U.S.C. § 1988;

d.  An award of Plaintiffs' costs of suit;

e.  Pre-judgment and post-judgment interest;

f.  Such other relief as this Court deems just and proper.

Dated this 2nd day of November, 2018

Respectfully Submitted,

_____/s/_____
P. Jenny Marashi (PM0916)
Marashi Legal
930 Grand Concourse, #1E
Bronx, NY 10451
(917) 703-1742
*Attorney for Plaintiffs*